# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DUN-RITE HOME IMPROVEMENTS, INC.
a Colorado Corporation

                Plaintiff,

v.

DUN-RITE, LLC
a Colorado Limited Liability Company;

and

Jose Henriquez, an individual

                Defendants.

___

## COMPLAINT

___

Plaintiff Dun-Rite Home Improvements, Inc. ("Dun-Rite") for its Complaint against Defendants Dun-Rite, LLC ("Defendant") and Jose Henriquez ("Henriquez") (collectively, "Defendants"), alleges as follows:

### Nature of the Action

1. In this action, Dun-Rite seeks injunctive and monetary relief for acts of unfair competition under § 1125(a) of the Lanham Act; deceptive trade practices under the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105; and for trademark infringement and unfair competition under the common law of Colorado.

### The Parties

2. Dun-Rite is a corporation organized under the laws of the state of Colorado with its principal place of business at 2010 W. Dartmouth Ave, Englewood, CO 80110-1323.

3. Upon information and belief, Defendant is a Colorado limited liability company with its principal place of business at 3090 Scranton Street Aurora, Colorado 80011.

4. Upon information and belief, Henriquez is an individual resident of Colorado residing in this District, and is the registered agent of Defendant. Upon information and belief, Henriquez personally controls and directs the activities of Defendant, and provides home improvement services on behalf of or for the benefit of himself and Defendant in this District.

## Jurisdiction and Venue

5. This action arises under § 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105, and the common law of the state of Colorado.

6. The Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b).

## Facts Relevant To All Counts

Dun-Rite's Well-Known Trade Name and Service Marks

8. Since 1985, Dun-Rite has provided home improvement and remodeling services, including kitchen replacement, cabinet refacing, custom granite countertops, bathroom renovation, flooring, and replacement windows and doors (the "Dun-Rite Services").

9. Dun-Rite is the owner of the following Colorado state trademark and trade name registrations and certificates, and does business under these marks and trade names: Colo. Reg. ID No. 19971163483 for DUN-RITE; Dun-Rite Kitchens, Inc.; Dun-Rite Kitchens & Baths, Inc.; Dun-Rite Bathrooms, Inc.; Dun-Rite Windows, Ltd.; and Dun-Rite Windows & Doors, Ltd. (collectively, the "DUN-RITE Marks"), all of which issued long prior to Defendants' wrongful use of DUN-RITE. Copies of these registrations and certificates are attached hereto as Exhibit A.

10. Dun-Rite markets its services on its Internet website at <www.dunritekitchens.com>. The DUN-RITE Marks are also used on a variety of advertising media including business cards, direct mailers, and other advertising and promotional items. Dun-Rite has for many years expended considerable funds in radio spot advertisements of the Dun-Rite Services, making its company name familiar to Colorado consumers in the field of home improvements. Examples of such appear in Exhibit B hereto. Dun-Rite does not have a Facebook page.

11. Since at least as early as 1985, Dun-Rite has used the DUN-RITE Marks in commerce in the state of Colorado in providing its services, and has invested millions of dollars to develop, promote and maintain the DUN-RITE Marks in Colorado in connection with its Dun-Rite Services, thereby developing considerable goodwill in the DUN-RITE Marks.

12. As a result of substantial sales and extensive advertising and promotion for almost thirty years, Dun-Rite has become widely and favorably known as identifying home improvement and remodeling services originating from, sponsored by, or associated with Dun-Rite. The DUN-RITE Marks are distinctive, and the public has come to associate the DUN-RITE Marks with Dun-Rite as a source of high quality home improvement and remodeling services.

13. Indeed, Dun-Rite has been accredited by the Better Business Bureau since 1991 and has an A+ rating. *See* Exhibit C.

Defendants' Wrongful Conduct

14. Defendant Dun-Rite LLC is a Colorado corporation purporting to provide home improvement services in the Denver metropolitan area. Dun-Rite LLC was formed on May 1, 2013. *See* Exhibit D. Jose Henriquez is listed as the registered agent.

15. Since the time of its formation, Defendant has wrongfully used Plaintiff's mark

DUN-RITE in providing such services.

16. Upon information and belief, in 2014, Defendants launched a Facebook page on which it uses the service mark DUN-RITE for home improvement services ("Infringing Facebook Page"). *See* Exhibit E. Defendants also operate a website using the domain name <www.dunritedenver.com>. *See* Exhibit F. The domain name was registered on or about June 20, 2014. A copy of the registration of the <www.dunritedenver.com> domain name is attached hereto as Exhibit G.

17. Defendants advertise that they offer "Certified Home Improvement Services." *See* Exhibit H. Defendants also claim to have been in business for over 15 years. *See* Exhibit F ("Dun-Rite LLC's has over 15 years [sic] experience.")

18. Defendants' use of the DUN-RITE Marks, Infringing Facebook Page, and <www.dunritedenver.com> domain name is in interstate commerce, and within the state of Colorado and this judicial district.

19. On or about June 2014, Dun-Rite learned that Defendants had been using the identical name DUN-RITE in connection with advertising and offering home improvement services. On June 23, 2014, Dun-Rite sent a cease and desist letter to Defendants advising them of Dun-Rite's Colorado trademarks and common law rights in the DUN-RITE Marks, and demanding that they cease their use of the infringing name and mark. *See* Exhibit I.

20. After receiving no response, Dun-Rite followed-up with Defendant Henriquez during a telephone call in August 2014 seeking his cooperation to cease use of Defendants' identical and confusingly company name. However, Defendant Henriquez refused to cease use of DUN-RITE and the domain name <www.dunritedenver.com>.

21. Despite constructive and actual knowledge of Dun-Rite's trademark rights and Dun-Rite's multiple requests to Defendants to cease using Dun-Rite's identical business name and service mark, Defendants have continued to use the identical name "Dun-Rite" in connection with home improvement services in competition with Dun-Rite.

22. Defendants began using in commerce the identical and confusingly name and mark DUN-RITE for home improvement services subsequent to Dun-Rite's long time use and registration of the DUN-RITE Marks, and are still using the infringing name.

23. Defendants' willful and intentional infringement by its continued use of DUN-RITE and <www.dunritedenver.com> domain name, and continued operation of the Infringing Facebook Page, has damaged and will continue to damage Dun-Rite, unless ordered by this Court immediately to cease such wrongful use.

24. Defendants purport to offer home improvement services that are similar or identical to, and compete with the Dun-Rite Services.  Indeed, Defendants' use of the DUN-RITE name and mark, the Infringing Facebook Page, and the website at <www.dunritedenver.com> has already created consumer confusion.

25. As one example, on or around February 3, 2015, a Dun-Rite sales representative received a phone call from a customer in Colorado Springs who expressed distrust in the company because the phone numbers and names on the Infringing Facebook Page did not match the contact information listed on Dun-Rite's website at <www.dunritekitchens.com>.

26. On or about September 2014, a Dun-Rite sales representative received a call from a resident of Heather Gardens, a retirement community in Aurora for whose multiple residents Dun-Rite had provided services. The resident reported that he called a different "Dun-Rite" phone number that he had found on the Internet.  This resident reported that he got a "strange feeling"

from the call, but that the person who answered represented that he was the Dun-Rite that advertises on the radio. After speaking with the Dun-Rite sales representative, the resident realized that he had called Defendant Henriquez and not Dun-Rite.

27. Upon information and belief, Defendant Henriquez has personally directed and knowingly committed and has benefited from the acts complained of herein. ("Defendants' Conduct").

## COUNT I
### (Unfair Competition Under 15 U.S.C. § 1125 (a))

28. Dun-Rite realleges the allegations contained in paragraphs 1 through 27 above.

29. The DUN-RITE Marks used and owned by Dun-Rite are valid, protectable and have become distinctive in the minds of consumers based on almost thirty years of continuous use in association with the Dun-Rite Services.

30. Defendants' unauthorized uses of the DUN-RITE Marks in advertising, promoting, and providing home improvement services, on the Infringing Facebook Page and in the domain name <www.dunritedenver.com> and on the associated website constitute an unauthorized use of marks similar or identical to the DUN-RITE Marks.

31. Defendants' Conduct constitutes use of a false designation of origin which is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Defendants by Dun-Rite, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' Conduct also constitutes an attempt to trade on the good will and reputation that Dun-Rite has developed in its DUN-RITE Marks, all to the damage of Dun-Rite.

32. Defendants' Conduct, as a result of its nationwide launch of its Infringing Facebook Page and website and related promotional activities, is likely to and has caused consumer confusion that has damaged Dun-Rite.

33. Defendants' Conduct was undertaken intentionally, maliciously and in bad faith. Dun-Rite is therefore entitled to recover, in addition to actual damages, punitive damages and attorneys' fees.

34. As a result of Defendants' Conduct, Defendants have caused Dun-Rite irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of Dun-Rite's rights.

35. Dun-Rite has no adequate remedy at law.

## COUNT II
### (Violation of Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*)

36. Dun-Rite realleges the allegations contained in paragraphs 1 through 35 above.

37. Dun-Rite has used the DUN-RITE Marks in advertising and marketing materials for almost thirty years.

38. Defendants' use of the DUN-RITE Marks has caused and is likely to continue to cause confusion with the established and superior rights of Dun-Rite, causing consumers familiar with the DUN-RITE Marks as used in advertising and promoting Dun-Rite's Services to be deceived or confused as to the source of Defendants' competing services.

39. Defendants' use of the DUN-RITE Marks with competing services constitutes an unfair or deceptive trade practice that occurred and continues to occur in the course of Defendants' business.

40. Defendants' deceptive trade practices significantly impacts the public as actual or potential consumers of Defendants' Services.

41. Defendants advertise that they offer "Certified Home Improvement Services," but according to the Colorado Department of Regulatory Services, no such certification exists. See http://cdn.colorado.gov/cs/Satellite/DORA/CBON/DORA/1251628238000#H.

42. Defendants also advertise that they have "15 years [sic] experience." However, Defendant Dun-Rite LLC was formed less than 2 years ago.

43. Upon information and belief, Defendants have represented that they are the Dun-Rite that advertises on the radio, thereby creating a wrongful association with Dun-Rite.

44. Defendants' Conduct has caused a significant public impact, as it has used the DUN-RITE Marks in its marketing and advertising, including on Facebook and its website, for services that compete in the consumer marketplace with those of Dun-Rite, causing deception of actual and prospective purchasers of Dun-Rite's Services and Defendants' services.

45. Dun-Rite has suffered injury in fact to a legally protected interest in that Dun-Rite is the senior user of the DUN-RITE Marks in connection with home improvement and related services, and consumers have come to associate use of the DUN-RITE Marks with the Dun-Rite Services.

46. Defendants' Conduct was committed with willful and wanton disregard for Dun-Rite's prior rights.

47. Defendants' Conduct caused injury to Dun-Rite, and Dun-Rite has been and continues to be irreparably harmed by Defendants' actions and has no adequate remedy at law.

48. Defendants' Conduct described above constitutes deceptive trade practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105(1)(a), (b) and (c).

### COUNT III
### (Trademark Infringement Under Colorado Common Law)

48. Dun-Rite realleges the allegations contained in paragraphs 1 through 47 above.

49. Dun-Rite owns Colorado State Reg. ID No. 19971163483, which issued October 13, 1997 for the mark "DUN-RITE."

50. Dun-Rite also owns the following Colorado trade names under which it has done business long prior to Defendants: Dun-Rite Kitchens, Inc.; Dun-Rite Kitchens & Baths, Inc.; Dun-Rite Bathrooms, Inc.; Dun-Rite Windows, Ltd.; and Dun-Rite Windows & Doors, Ltd.

51. Defendants' Conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with Dun-Rite, in violation of the common law of the state of Colorado.

52. Defendants' Conduct also constitutes an attempt to trade on the goodwill which Dun-Rite has developed, and infringes the DUN-RITE Marks, all to the damage of Dun-Rite.

53. As a result of the Defendants' Conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Dun-Rite.

54. Dun-Rite has no adequate remedy at law.

## COUNT IV
### (Unfair Competition Under Colorado Common Law)

55. Dun-Rite realleges the allegations contained in paragraphs 1 through 54 above.

56. Defendants' Conduct constitutes misappropriation of valuable property rights of Dun-Rite and trading on the goodwill symbolized by the distinctive DUN-RITE Marks, and is thereby likely to confuse and deceive members of the purchasing public as to the source of the home improvement services of Defendants. By virtue of Defendants' Conduct, each Defendant has engaged in unfair competition in violation of the common law of unfair competition of the state of Colorado.

57. As a result of Defendants' Conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Dun-Rite.

58. Dun-Rite has no adequate remedy at law.

## Relief Sought

WHEREFORE, Dun-Rite asks this Court to:

A. Grant preliminary and permanent injunctive relief restraining and enjoining Defendants, and any principals, agents, servants, employees, successors and assigns of and all those in privity, concert or participation with them from:

(i) imitating, copying, duplicating or otherwise making any use of the DUN-RITE Marks or any mark confusingly similar to the DUN-RITE Marks;

(ii) manufacturing, producing, distributing, circulating, selling or otherwise disposing of any advertising material which bears any copy or colorable imitation of the DUN-RITE Marks;

(iii) using any unauthorized copy or colorable imitation of the DUN-RITE Marks in such manner as is likely to falsely relate or connect Defendants with Dun-Rite;

(iv) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any service advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by Dun-Rite;

(v) causing likelihood of confusion or injury to Dun-Rite's business reputation and goodwill, and to the distinctiveness of the DUN-RITE Marks by unauthorized use of the same;

(vi) engaging in any other activity constituting unfair competition or infringement of the DUN-RITE Marks or Dun-Rite's rights in, or to use, or to exploit the same; and

(vii) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

B.     Find that Defendants have unfairly competed with Dun-Rite by the acts complained of herein in violation of United States law;

C.     Find that Defendants have engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105(1)(a), (b) and (c).

D.     Find that Defendants have infringed the DUN-RITE Marks, have unfairly competed with Dun-Rite and have damaged Dun-Rite's goodwill by the acts complained of herein in violation of the common law of the state of Colorado;

E.     Order Defendants and any principals, agents, servants, employees, successors and assigns of and all those in privity or concert with Defendants who receive actual notice of said order, to deliver up all advertising and promotional and advertising material, and any other materials of any kind bearing the DUN-RITE Marks, or any mark confusingly similar to the DUN-RITE Marks, including transfer of the domain name <www.dunritedenver.com> to Dun-Rite;

F.     Find Defendants jointly and severally liable and award to Dun-Rite monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the Defendants' profits or gains of any kind resulting from their willful and bad faith infringement and violation of Dun-Rite's valuable trademark rights, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein;

G.     Award to Dun-Rite its attorneys' fees, due to the exceptional nature of this case, and all of its costs and expenses of litigation, pursuant to 15 U.S.C. § 1117 and 15 U.S.C. § 1125(d);

K.     Award to Dun-Rite its attorneys' fees and treble damages pursuant to § 6-1-113, C.R.S., and its costs and expenses of litigation;

L.     Award to Dun-Rite exemplary damages in view of the intentional, willful, wanton and reckless disregard of Dun-Rite's rights; and

M.     Grant to Dun-Rite such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Respectfully submitted this 13th day of February, 2015.

By:     s / Gayle L. Strong

Gayle L. Strong, Esq.
Amy L. Kramer, Esq.
GREENBERG TAURIG LLP
The Tabor Center
1200 Seventeenth Street, Suite 2400
Denver, CO  80202
(303) 572-6500

ATTORNEYS FOR PLAINTIFF
Dun-Rite Home Improvements Inc.