IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-0316-WYD-CBS

DUN-RITE HOME IMPROVEMENTS, INC.,

    Plaintiff,

v.

DUN-RITE, LLC;
JOSE HENRIQUEZ,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    THIS MATTER is before the Court in connection with Magistrate Judge Craig B. Shaffer's Recommendation Regarding Plaintiff's Motion for Default Judgment (ECF No. 32) ("Recommendation"), issued on February 2, 2016, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Shaffer recommends that default judgment be entered against Defendants Dun-Rite, LLC and Jose Henriquez.

    Plaintiff seeks a default judgment against Defendants on state and federal claims of common law trademark infringement and unfair competition in violation of § 43(a) of the Lanham Act.  Defendants did not file an answer or other responsive pleading in this matter, nor did they file an appearance.   Plaintiff is a home improvement services company that has served Colorado since 1985.  Plaintiff owns the Colorado trademark "DUN-RITE" as well as various Colorado trade names that incorporate this mark.

1

Defendant Dun-Rite, LLC is also a home improvement services company in Colorado, founded in May of 2013, with Defendant Henriquez as its registered agent. As part of its advertising efforts, Defendants launched a Facebook page and registered an Internet website at "dunritedenver.com." Plaintiff sent a cease and desist letter to Defendants and contacted them in an effort to resolve the disputed use of the trademark. Defendants refused to discontinue using the mark. Incidents of consumer confusion occurred thereafter. Plaintiff seeks to enjoin Defendants from using the Dun-Rite mark, and also seeks an order from the Court that the dunritedenver.com domain name be transferred to Plaintiff. Plaintiff also seeks a default judgment in its favor, and attorney's fees and costs.

      Judge Shaffer analyzed Plaintiff's claims in light of the requested relief. He determined that the elements of Plaintiff's claims of unfair competition in violation of § 43(a) of the Lanham Act, and common law claims of trademark infringement and unfair competition are met, and that default judgment against Defendants on both claims is appropriate. Judge Shaffer recommends that a permanent injunction be issued against Defendants as requested. For the attorney's fees and costs, Judge Shaffer analyzed Plaintiff's calculations under the lodestar method to determine the reasonableness of the amounts requested. He determined that some of the claimed costs were duplicative, unnecessary, or unreasonable, particularly in light of the fact that this case lacks a level of complexity that would warrant higher fees, and that Defendants never answered or entered an appearance in this matter. Judge Shaffer made separate lodestar calculations based on these findings, and concluded that a total

of $15,628.05 was reasonable.  Additionally, he found that Plaintiff is entitled to $952.85 in costs.

Judge Shaffer then issued the present Recommendation, which included an advisement to the parties that any written objection was due within fourteen (14) days after service of the Recommendation.  No objections were filed.  Accordingly, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Shaffer's finding that a default judgment against Defendants Dun-Rite, LLC and Jose Henriquez is appropriate in this matter.  I further agree with the Recommendation's findings regarding a default judgment in favor of Plaintiff; the awarding of attorney's fees and costs; a permanent injunction against Defendants prohibiting any use of Plaintiff's mark; and an order requiring Defendants to transfer the dunritedenver.com domain name to Plaintiff.  Accordingly, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that the Recommendation of United States Magistrate Judge dated February 2, 2016 (ECF No. 32) is **AFFIRMED and ADOPTED**. It is

FURTHER ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 22) be **GRANTED**. Default judgment shall be entered on the Complaint in favor of Plaintiff Dun-Rite Home Improvements, Inc. and against Defendants Dun-Rite, LLC and Jose Henriquez, jointly and severally, in the amount of $16,580.90 (consisting of $15,628.05 in attorney's fees and $952.85 in costs). It is

FURTHER ORDERED that Defendants, along with their principals, agents, servants, employees, successors, and assigns and all those in privity, concert, or participation with them are ENJOINED from:

  i. imitating, copying, duplicating or otherwise making any use of DUN-RITE or any mark confusingly similar to DUN-RITE;

  ii. manufacturing, producing, distributing, circulating, selling or otherwise disposing of any advertising material which bears any copy or colorable imitation of DUN-RITE;

  iii. using any unauthorized copy or colorable imitation of DUN-RITE in such manner as is likely to falsely relate or connect Defendants with Plaintiff;

  iv. using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any service advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by Plaintiff;

    v.    causing likelihood of confusion or injury to Plaintiff's business reputation and goodwill, and to the distinctiveness of DUN-RITE by unauthorized use of the same;

    vi.    engaging in any other activity constituting unfair competition or infringement of DUN-RITE or Plaintiff's rights in, or to use, or to exploit the same; and

    vii.    assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

It is

FURTHER ORDERED that Defendants and any principals, agents, servants, employees, successors and assigns of, and all those in privity or concert with Defendants, who receive actual notice of this Order, are hereby ORDERED to immediately transfer the domain name "dunritedenver.com" to Plaintiff.

Dated: March 28, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge